**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BETTYE M. HILL,
<u>Plaintiff-Appellant,</u>

v.

BALTIMORE CITY DEPARTMENT OF

SOCIAL SERVICES; JOAN O. DAVIS,
L.C.S.W.; DEBORAH RIDER,
L.C.S.W.,
<u>Defendants-Appellees.</u>

No. 96-2507

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frank A. Kaufman, Senior District Judge.
(CA-95-2465-K)

Submitted: March 24, 1998

Decided: April 21, 1998

Before HAMILTON and LUTTIG, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Bettye M. Hill, Appellant Pro Se. Sandra Irene Barnes, Assistant
Attorney General, Baltimore, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Bettye M. Hill appeals from the district court's grant of summary judgment in favor of the Defendants in her claim of discrimination under the Americans with Disabilities Act (ADA). We affirm.

Under the ADA, a disability is a "physical or mental impairment that substantially limits one or more of the major life activities of such individual." 42 U.S.C. § 12102(2) (1994). An individual suffers from a "substantial limitation" if she is unable to perform a major life activity or is significantly restricted as to the condition, manner, or duration under which she can perform a major life activity as compared to an average person. See 29 C.F.R. § 1630.2 (1997). In making the substantial limitation determination, a court may consider: (i) the nature and severity of the impairment; (ii) the duration or expected duration of the impairment; and (iii) the permanent or long term impact, or the expected permanent or long term impact of, or resulting from, the impairment. See id.

Hill alleges that she is disabled in the major life activities of standing, sitting, reaching, lifting, and driving, all of which are part of her job requirements. She has presented doctor's certificates advising that she should not sit or drive for more than two hours, should not lift more than three to five pounds, and should not reach overhead or climb, more than one flight of stairs. These medical documents, however, were neither properly authenticated nor provided directly by the medical doctors, and accordingly they may not be used to oppose the summary judgment motion. See Fed. R. Civ. P. 56(e). Thus, the only evidence which may properly be considered in determining whether Hill was disabled under the ADA are the averments contained in her declaration made under penalty of perjury. The relevant portions are as follows:

2

(1) Hill was released for "light duty" on January 16, 1991, six days after the accident.

(2) Due to a strenuous work load, Hill suffered a complete relapse which confined her to bed and left her unable to walk from April 29 to May 5, 1991.

(3) Hill suffered another relapse and was out sick from May 17 to May 28, 1991.

(4) To function, Hill must wear a back brace, use a came, take medication, and wear a neck brace at times.

(5) Hill is substantially limited in the major life activities of walking, standing, sitting, performing manual tasks, and lifting.

(6) The Worker's Compensation Commission found that Hill had a permanent partial disability of "fourteen percent industrial loss" of the use of her body.

(7) As a result of her accident, Hill suffered injuries to her head, neck, back, hip, arms, legs, wrist, and hands.

(8) Hill has "severe chronic pain in the shoulder, upper and lower back, sharp pains, and shooting in the arms and legs."

Averments (1)-(4) and (6)-(8) are insufficient to establish an impairment substantially limiting a major life activity. Averment (5) states only a legal conclusion without any supporting facts aside from reference to the uncertified exhibits. Accordingly, we affirm the district court's grant of summary judgment in favor of the Defendants because Hill failed to present sufficiently attested evidence in response to the summary judgment motion under Fed. R. Civ. P. 56(e). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3